```
                                            FILED
        UNITED STATES DISTRICT COURT
 FOR THE EASTERN DISTRICT OF VIRGINIA       MAR 3 1 2009
         Norfolk Division
                                        CLERK, U.S. DISTRICT COURT
                                              NORFOLK, VA
```

RICKY DONNELL NELSON, #312831,

        Petitioner,

v.                          CIVIL ACTION NO. 2:08cv349

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

## I. STATEMENT OF THE CASE

### A. Background

On March 10, 2003, Petitioner, Ricky Donnell Nelson ("Nelson"), was convicted in the Circuit Court of the City of Fredericksburg ("Circuit Court") of possession with the intent to distribute cocaine, second offense (Case No. CR02-439).[1] Following

---

[1] Prior to trial, Timothy James Wall, Esq. represented Nelson. During trial and sentencing, Adam Bartholomew Crickman, Esq. represented Nelson. Joseph Albert Christian Synan, Esq.

a sentencing hearing on May 5, 2003, Nelson was sentenced to a total of five (5) years imprisonment, two (2) years of which were suspended, as reflected in the court's final order dated May 8, 2003.

On September 22, 2003, Nelson filed a petition for appeal in the Court of Appeals of Virginia. On November 26, 2003, the Court of Appeals denied Nelson's petition for appeal. Record No. 1358-03-2. On December 19, 2003, Nelson noted his intent to appeal to the Supreme Court of Virginia. Thereafter, on November 22, 2004, Nelson filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Record No. 042724. The Supreme Court of Virginia awarded the writ of habeas corpus, stating that Nelson had been denied his right to appeal to the Supreme Court of Virginia and granted Nelson leave to file a delayed appeal. Id. On January 23, 2006, the Supreme Court of Virginia denied Nelson's direct appeal. Record No. 052010. In July 2006, Nelson filed a petition for a writ of habeas corpus in the Circuit Court for the City of Fredericksburg, Virginia ("Circuit Court") which the Circuit Court dismissed by Order on July 24, 2007.[2] Nelson appealed this denial,

---

represented Nelson in his appeal to the Virginia Court of Appeals, and John A. Mell, Esq. represented Nelson in his appeal to the Supreme Court of Virginia.

[2] Nelson alleged the following grounds:
(a) [The Circuit Court for the City of Fredericksburg] erred by not granting him a continuance;
(b) The Commonwealth violated his Sixth Amendment right to counsel by transferring him to an institution located far from his defense

and the appeal was denied on May 1, 2008.

On July 23, 2008, while in the custody of the Virginia Department of Corrections at the Lawrenceville Correctional Center, Nelson executed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court conditionally filed this petition. On September 22, 2008, Nelson submitted the $5.00 filing fee, which the Court filed on September 29, 2008. On November 6, 2008, Respondent filed his Rule 5 Answer and Motion to Dismiss accompanied by a supporting memorandum ("Respondent's Memorandum") and a Notice of Motion Pursuant to Local Rule 7(k). On December 10, 2008, Nelson filed a response to Respondent's Motion to Dismiss ("Nelson's Response") and a Motion for an Evidentiary Hearing.

## B. **Grounds Alleged**

Nelson now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 on substantially the following grounds:

1.    The Circuit Court erred in considering Respondent's motion to dismiss in Nelson's state habeas proceeding because the motion was untimely;

---

lawyer;
(c) The Petitioner has newly discovered evidence which he should be allowed to present and he has been denied due process due to ineffective assistance of his trial and appellate counsel;
(d) The Commonwealth was "malicious" both during the preliminary hearing and the trial by withholding certain information from him;
(e) The Court erred by admitting into evidence the Certificate of Analysis, and the evidence at trial was insufficient to convict him.

3

2.  The Circuit Court erred in denying Nelson habeas corpus
    relief because he was transferred to a jail located far
    from his counsel;

3.  The Circuit Court erred by ruling that claims of newly
    discovered evidence not presented, and consequently
    claims of ineffective assistance of Counsel, were barred
    as being issues not raised at trial or upon direct appeal
    by petitioner;

4.  The Circuit Court erred by denying Petitioner's request
    for an evidentiary hearing in his state habeas
    proceeding;

5.  The Circuit Court erred "in failing to find that error in
    the admitting into evidence the certificate of analysis
    was a kind of duplicate copy precluded a conviction due
    to insufficient evidence."[3]

## II.  PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING

As a preliminary matter, the Court considers Nelson's request
for an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2).
Nelson argues that he was never afforded a fair and full

---

[3] This Court concurs with the Circuit Court that "[i]t is
difficult to discern from this rambling claim exactly what claim
the petitioner is trying to present to this Court." Order Denying
Pet. for Writ of Habeas Corpus (November 4, 2008). This Court
construes Nelson's claim to state that the Circuit Court erred in
finding no error in the admittance of the a duplicate of the
certificate of analysis rather than the original certificate, and
that without a properly introduced certificate of analysis, there
was insufficient evidence to convict Nelson.

4

opportunity "to present full legal and factual bases for his claims." Petition at 8. The Court has determined, however, that an evidentiary hearing is not required because the facts in the existing record are sufficient to resolve the legal issues raised. See, e.g., Rule 8 of the Rules Governing Section 2254 Cases; Beaver v. Thompson, 93 F.3d 1186, 1190 (4th Cir. 1996).[4] Accordingly, the Court DENIES Nelson's Motion for an Evidentiary Hearing.

### III. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

#### A. Exhaustion Requirement

Ordinarily, a state prisoner must exhaust remedies available in state court before seeking federal habeas corpus relief. 28 U.S.C. § 2254(b) and (c); Picard v. Conner, 404 U.S. 270, 275 (1971). As such, this Court cannot grant habeas relief unless the petitioner has exhausted the remedies available to him in the courts of Virginia. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "Section § 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims." Id. at

---

[4] Beaver held that the Court will only hold a new evidentiary hearing when a petitioner

> (1) alleges additional facts that, if true, would entitle him to relief, and (2) establishes any one of the six factors set out by the [Supreme] Court in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) (overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992)), or one of the factors provided in 28 U.S.C. § [2254(e)].

Id.

844. (emphasis in original). A petitioner has to present the substance of each claim during state proceedings. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). A petitioner also "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. If a claim has been addressed by the state's highest court on either direct or collateral review, it is exhausted. Id. at 844 (citing Brown v. Allen, 344 U.S. 443, 447 (1953). The Court notes that it is Nelson's burden to prove that his claims have been exhausted. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). If his claims could not be exhausted in state court because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are procedurally defaulted in federal court and federal habeas review is ordinarily barred. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

In the instant case, Respondent concedes that Nelson's claims are exhausted because he previously raised them in the Supreme Court of Virginia. Respondent's Brief, at 3. The Court concurs and therefore FINDS that each of Nelson's claims are exhausted and should be addressed herein.

### B. Merits

### i. Claims 1 and 4

The federal habeas statute provides that a "federal court

'shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998)(quoting 28 U.S.C. § 2254(a)).    Errors  and  irregularities  occurring  during  state collateral review proceedings are not cognizable on federal habeas review.    Id.; Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988).

Nelson's claims 1 and 4 merely assert that the state habeas court committed procedural errors, which are not cognizable on federal  habeas  review.    Accordingly,  these  claims  are  not cognizable on federal habeas review, and this Court recommends denying the petition with respect to Claims 1 and 4.

### ii. Claims 2 and 5

A federal court will usually not review claims that are procedurally defaulted. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). "Where a procedural default on a state law issue in state court occurs, the defendant generally is precluded from raising that issue in a federal habeas corpus motion." Keel v. French, 162 F.3d 263, 268 (4th Cir. 1998). "However, the basis for declaring a procedural default must be an independent and adequate state ground." Id. Slayton v. Parrigan, 215 Va. 27, 30, 205

7

S.E.2d 680, 682 (1974),[5] has consistently been held to constitute
such an independent and adequate state law ground so as to support
procedural default in federal court.   Smith v. Murray, 477 U.S.
527, 533 (1986); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir.
1998).   A state court's finding of procedural default that rests
upon a determination of state law is unreviewable even if the state
court clearly misapplied state law.   See Glibert v. Moore, 134 F.3d
642, 657 n.14 (4th Cir. 1998).

      The Circuit Court relied on Slayton v. Parrigan, 215 Va. 27,
29 (1974), in determining that Nelson was not denied effective
assistance of counsel when he was transferred to a jail located far
from his trial defense counsel.   The Circuit Court also relied on
Slayton v. Parrigan in determining that the trial court did not err
in admitting the certificate of analysis or finding that there was
sufficient evidence to convict Nelson.   Accordingly, Claims 2 and
5 are procedurally defaulted, and this Court recommends denying the
petition with respect to Claims 2 and 5.

### iii. Claim 3

      In Claim 3, Nelson asserts two grounds that form the basis of
his claim for ineffective assistance of counsel.   First, Nelson
claims that his counsel was ineffective because his counsel failed
to investigate inconsistencies in the testimony of a confidential

---

[5]   Slayton holds that claims that could have been raised on
direct appeal, but were not, cannot be raised on state collateral
review.   215 Va. at 682.

informant. Second, Nelson claims that his counsel was ineffective for failing to object to the admission of drug evidence and a certificate of analysis at trial, without which Nelson claims there was insufficient evidence as a matter of law to convict him. Nelson presented each of these claims in the Circuit Court. The Circuit Court denied each of the claims on the merits, and the decisions were summarily affirmed by the Supreme Court of Virginia.

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000). See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[].").

9

Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. In deference to the state court's decision, this Court may not grant relief unless it determines that decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at, 163 (quoting Aycox, 196 F.3d at 1178). Further, the Court is mindful that "a determination on a factual issue by a State court shall be presumed correct [in a habeas proceeding]," and the burden is on a petitioner to rebut that "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(d)(2); see also Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003). Because the Supreme Court of Virginia summarily dismissed Nelson's claims, it must be presumed that the Supreme Court of Virginia dismissed Nelson's claims for the same reasons as the Circuit Court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Accordingly, in addressing Nelson's claims, this Court must "look through" the Supreme Court of Virginia's decision to that of the Circuit Court. Id.

In denying Nelson's claims of ineffective assistance of counsel, the Circuit Court applied the test from Strickland v. Washington, 466 U.S. 668, 688 (1984), to conclude that Nelson could not demonstrate that his trial or appellate counsel was deficient in any way, and even if he could, Nelson could not demonstrate any prejudice based on the actions of his counsel. Order Denying Pet. for Writ of Habeas Corpus (Nov. 4, 2008).

The Circuit Court stated, and this Court agrees, that the types of tactical decisions about which Nelson complains are "virtually unassailable during habeas review." Id. (citing Strickland, 466 U.S. at 689). The Circuit Court further stated:

> [Nelson] has not demonstrated prejudice from his counsel's failure to explore these alleged inconsistencies in the informant's testimony. A review of the trial transcript shows that the evidence obtained against the petitioner during a 'controlled buy' was overwhelming, and included testimony from the **investigating officer** who was familiar with the petitioner's voice, and heard it during the course of the transaction. The only other claim that appears to be contained in this rambling allegation is that trial counsel was somehow ineffective for not objecting [to] the admission of the drug evidence and the Certificate of Analysis. The petitioner, however, fails to state with particularity what objection a reasonably effective defense attorney could have made, or why he has been prejudiced.

Id. (emphasis in original). The decision of the Circuit Court is neither contrary to, nor an unreasonable application of, clearly established Federal law. Also, the decision of the Circuit Court is not based on an unreasonable determination of the facts in light of the evidence presented in the Circuit Court. Accordingly, this

11

Court recommends denying the petition with respect to Claim 3.

## IV.  RECOMMENDATION

For the foregoing reasons, the Court recommends that Nelson's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Nelson's claims be DISMISSED WITH PREJUDICE.

## V.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  See Fed. R. Civ. P. 72(b).

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this

12

Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).


United States Magistrate Judge

Norfolk, Virginia

March 31, 2009

13

## <u>CLERK'S MAILING CERTIFICATE</u>

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Ricky Donnell Nelson, #312831
Lawrenceville Correctional Center
1607 Planters Road
Lawrenceville, VA 23868
PRO SE

Donald Eldridge Jeffrey, III
Office of the Attorney General
900 E Main Street
Richmond, VA 23219
Counsel for Defendant

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

~~April~~     , 2009
March 31,